UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-60431-CIV-WPD

TERNITZ ENTERPRISES LIMITED,
a British Virgin Islands corporation,

 Plaintiff,

vs.

BOMBARDIER, INC., d/b/a
BOMBARDIER AEROSPACE CORP.
a foreign corporation,

 Defendant.
_____/

**MOTION TO DISMISS FOR FAILURE TO JOIN THE CONTRACTING PARTY AND TO STATE CLAIMS FOR ORAL CONTRACT AND NEGLIGENCE**

Ternitz Enterprises Ltd. ("Ternitz") pleads that Bombardier, Inc. ("Bombardier") failed to fix its plane, suing in two counts for breach of oral contract and negligence. Its complaint alleges business damages only ("costs of repairs," "holdover rent" and "frustration of return of the Aircraft to the lessor," Compl. ¶¶ 12, 22).

Under Fed. R. Civ. P. 12(b)(6), 12(b)(7) and 12(e), the complaint should be dismissed with leave to amend the contract count with a more definite statement and/or join the right defendant. As discussed below, Ternitz sued the wrong corporate affiliate; the count for breach of oral contract is precluded by Ternitz's written contract for the same plane repairs; and Florida's independent tort doctrine bars the negligence count.

## I. Indispensible Party Missing.

Ternitz never dealt with the defendant, Bombardier, Inc. The company that fixed Ternitz's plane was a Bombardier affiliate, Learjet Inc. d/b/a Bombardier Aircraft Services ("Learjet"), which is evident from Ternitz's written agreement about the same repairs, excerpted here as **Exhibit A.**[1]

Under Fed. R. Civ. P. 12(b)(7), dismissal is required for "failure to join a party under Rule 19." Rule 19(a)(1), in turn, requires joinder of a party for several reasons, each of which applies here, including that:

(A) "in that [party's] absence, the court cannot accord complete relief among existing parties;" and

(B) "disposing of the action in the [party's] absence may … leave an existing party subject to a substantial risk of incurring double … obligations because of the interest."

Fed. R. Civ. P. 19(a)(1)(A), (B)(ii). In such case, "the court must order that the person be made a party." Fed. R. Civ. P. 19(a)(2).

"[A] contracting party is the paradigm of an indispensable party" for contract claims.[2] For instance, at trial of the oral contract count, counsel for

---

[1] Including attachments, technical reference materials and maintenance logs, the entire written agreement between the parties is over 3000 pages. Accordingly, Exhibit A contains excerpts assembled for purposes of this motion.

[2] *Spear Group, Inc. v. Fla. Power & Light,* 2014 WL 272724, *4 (S.D. Fla. Jan. 23 2014) (Hurley, J.) (quoting *Travelers Indem. Co. v. Household Int'l, Inc.,* 775 F. Supp. 518, 527 (D. Conn. 1991) and also observing that "in breach of contract actions … all parties to the contract are deemed necessary ones to the litigation"). *See also, Raak Technologies, Inc. v. Marx Cryptotech, LP*, 2016 WL 9453797, *1 (N.D. Ga. March 3, 2016) (ordering plaintiff to join a contracting party); *T.C. Multifoods, Inc. v. Simon Prop. Grp., Inc.*, 2011 WL 13225183, at *2 (S.D. Fla. June 8, 2011) (Lynch, M.J.) (same), *report and recommendation adopted*, 2011 WL 13225184 (S.D. Fla. July 1, 2011) (Graham, J.).

2

Bombardier would be duty-bound to assert that Learjet, not Bombardier, was the contracting party.  "If the jury believes the … Defendant['s] arguments, Plaintiff will not be accorded complete relief if [Learjet] is not present at the trial."[3]  This is the quintessence of an indispensable party.  Thus, if Ternitz loses its oral contract case against Bombardier, if not yet barred by limitations, it surely would seek a second bite at the apple by suing non-party Learjet for breach of its written contract.[4]  Such inefficiency would contradict "the interest of the courts and the public in complete, consistent, and efficient settlement of controversies" embodied in Rule 19.[5]

Accordingly, Ternitz's failure to join the counterparty to its written contract about the same airplane repairs, requires dismissal under Rule 12(b)(7) with leave to amend to substitute Learjet for Bombardier.

---

[3] *STI Oilfield Servs., Inc. v. Access Midstream Partners, L.P.*, 2018 WL 30776739, *4 (M.D. Pa. June 21, 2018).

[4] *See, e.g., Tulepan v. Roberts*, 2015 WL 235411, *17 (S.D. Fla. Jan. 16, 2015) (Middlebrooks, J.) (reasoning that "the absent contract-party has a legally protected interest in the outcome of the litigation" and "non-joinder of a contract-party would undermine the court's ability to render complete relief among existing parties, since the absent party would not be bound by the court's judgment on the challenged contract").

[5] *Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 110 (1968).

## II.     Oral Contract.

According to the complaint, at some point between March and May 2019, some unidentified representatives of each party "entered into an oral contract … to bring the Aircraft back to service." Compl. ¶¶ 8, 9, 11. Ternitz does not say who struck this deal, what the terms were (*e.g.*, what was broken, cost, time) or why its $50 million passenger plane was being fixed on a handshake.

Perhaps this is because the Ternitz had a signed, written contract.[6] While it is difficult to decipher the shorthand, informal abbreviations in Paragraph 11 of the complaint, it appears that each of the things Ternitz complains about is referenced in the written contract between Ternitz and Learjet (excerpted at **Exhibit A**, hereto):

| Subpara. of Compl. ¶11 | Quoted allegation | Exhibit A pages |
|---|---|---|
| a | R/H windshield heat INOP CAS message | 19, 20 |
| b | On prior to departure in FLL, cleared then returned in flight | 22 |
| c | #3 IRS inop | 3, 4, 18, 20, 21 |
| d | R/H cockpit side window delamination at aft edge | 3, 7, 19 |
| e | Verify correct operations of all cabin seats | 21, 22 |

---

[6] *See* Exhibit A. When the contract is "a document central to the complaint that the defense appends to its motion to dismiss [it] is also properly considered, provided that its contents are not in dispute." *Harris v. Ivax Corp.*, 182 F.3d 799, 802 n.2 (11th Cir. 1999); *see also Perez v. Get Me, Corp.*, 2012 WL 4760566, at *1 (S.D. Fla. Oct. 2, 2012) (King, J.) (considering a written contract attached to Rule 12(c) motion in dismissing statutory employment claims "[b]ecause an express contract exists between the parties").

|   |                                                     |        |
|---|-----------------------------------------------------|--------|
| f | Lower camera down view zoom INOP                    | 2, 29  |
| g | Baggage and Aft Lav light INOP                      | 33     |
| h | Pilot seat recline not functioning properly         | 20, 21 |
| i | Co-pilot Seat tracking lock, verify correct operation | 3     |
| j | Raft storage door under divan does not latch        | 20     |
| k | Nose steering "jumpy"                               | 4, 18  |

If Ternitz is somehow alleging that it had an oral contract with Bombardier entirely independent from its written agreement with Learjet, under Fed. R. Civ. P. 12(e) it ought to explain how with a modicum of detail so we can fairly answer his allegations[7] and, if the case proceeds, conduct focused discovery.[8] That written agreement contains a host of terms that could well affect the outcome of this dispute. Among other things, Ternitz's pre-purchase examination form and its related aircraft work order (which expressly converts the former into a

---

[7] *See, e.g., Santiago v. NSI Ins. Group, Inc.*, 2005 WL 815856, at *3 (S.D. Fla. Dec. 20, 2005) (Gold, J.) (requiring a more definite statement for breach of oral contract claim, because, "whether intentionally vague or not … the true speaker is not identified," citing a federal case requiring more definite pleading for an oral contract claim that "lacked facts concerning the time and place of agreement").

[8] *See generally, Paylor v. Hartford Fire Ins. Co.*, 748 F.3d 1117, 1127 (11th Cir. 2014) (bemoaning the "discovery goat rodeo" created by "shotgun pleadings," and advising that in such case, "[a] defendant … should move the district court to dismiss … or for a more definite statement … on the ground that the complaint provides it with insufficient notice to enable it to file an answer"); *Kercher v. Carnival Corp.*, 2019 WL 1723565, *2 n.1 (S.D. Fla. Apr. 18, 2019) (Scola, J.) ("counsel should consider that the pleadings frame the issues for discovery, motion practice, and, ultimately, for the jury") (citation and quotation marks omitted).

"binding and enforceable agreement") contain merger clauses[9] that trump prior oral contracts and bar oral modification.[10]  Accordingly, under Fed. R. Civ. P. 12(b)(6) and 12(e), Count I for oral contract should be dismissed for failure to state a claim.

---

[9] *See* Pre-Purchase Examination Terms & Conditions (Ex. A:14), Arts. 10.1 ("This Agreement … supersedes any other previous or contemporaneous oral … agreement), 10.2 ("This Agreement shall not be varied except in writing signed by both parties."); Bombardier Aircraft Service Center Work Order Terms and Conditions (Ex. A:16), § 18 (This Agreement shall not be varied except in writing signed by both of the parties."). *See also* Pre-Purchase Examination Acknowledgement of Proposal (Ex. A:11) ("This Proposal, with your acknowledgment signature, is not a binding agreement … until your acceptance and execution of the related aircraft work order … at which time this Proposal … shall become a binding and enforceable agreement.").

[10] *See generally, West Coast Investors, LLC v. D.R. Horton, Inc.*, 2020 WL 533988, *2 (S.D. Fla. Feb. 3, 2020) (Rosenberg, J.) (dismissing claim based on "reliance on a prior oral representation" in light of written contract's merger clause); *World-Class Talent Experience, Inc. v. Giordano*, __ So.3d __, 2020 WL 1163100, *2 (Fla. 4th DCA March 11, 2020) (enforcing merger clause against "evidence of [plaintiff's] alleged promise").

### III.   Negligence.

Florida's[11] "independent tort doctrine" means that a party cannot sue for negligence based on the same allegations constituting breach of its contract.[12] Here, Ternitz pleads the same 11 problems as the basis for both its contract and tort counts. *See* Compl. ¶¶11(a)-(k); ¶15 (incorporating ¶11 into the contract count); ¶20 (incorporating ¶11 into the tort count).  Logically, the independent tort doctrine precludes the tort count.  Regardless of whether there was an oral or written contract, Count II sounding in tort must be dismissed with prejudice.

---

[11] Ternitz's contract selects Florida law. *See* Pre-Purchase Examination Terms & Conditions (Ex. A:14), Art. 7 (selecting "the laws of the state in which the BAS facility that is performing the work is located"); Bombardier Aircraft Service Center Work Order Terms and Conditions (Ex. A:16), § 12 (selecting "the laws of the state in which the BAS facility is located that is performing the work"); Compl. ¶ 9 (alleging that defendant performed "service at the Bombardier service center at Fort Lauderdale-Hollywood International Airport").

[12] *See Perez v. Scottsdale Ins. Co.*, 2019 WL 5457746, at *3 (S.D. Fla. Oct. 24, 2019) (Scola, J.) (dismissing fraud claims "inextricably intertwined" with the alleged breach of contract"); *Temurian v. Piccolo*, 2019 WL 1763022, at *7-8 (S.D. Fla. Apr. 22, 2019) (Bloom, J.) (same); *Dorvil v. Nationstar Mortg. LLC*, 2019 WL 1992932, at *17 (S.D. Fla. Mar. 26, 2019) (Martinez, J.) (applying the doctrine and observing, "Plaintiff may not repackage these breach of contract claims as independent actions in tort" and dismissing negligent misrepresentation counts), relying on *Peebles v. Puig*, 223 So. 3d 1065, 1069 (Fla. 3d DCA 2017) ("When, as here, a contract has been breached, a tort action lies only for act independent of those acts establishing the contract's breach"); *Ginsberg v. Lennar Fla. Holdings, Inc.*, 645 So. 2d 490, 494 (Fla. 3d DCA 1994) ("It is well established that breach of contractual terms may not form the basis for a claim in tort. Where damages sought in tort are the same as those for breach of contract a plaintiff may not circumvent the contractual relationship by bringing an action in tort.").

## CONCLUSION

Ternitz had a written contract with non-party Learjet.[13] For some reason, the complaint tries to plead around it by alleging an oral promise by a company it had no business with and a tort claim that is barred by blackletter Florida law.

WHEREFORE respectfully, this Court should dismiss the contract count with leave to amend and dismiss the tort count with prejudice.

### Certificates of Local Rule 7.1 Conference and Service

I certify that on April 28, I emailed a rough draft of this motion to counsel for plaintiff and on April 29, called their office and sent two emails, all in an effort to speak or schedule a call to resolve these issues. My efforts were not successful, so on April 30, 2020, I served this motion by CM/ECF.

Respectfully submitted,

/s Michael Tein, Esq.
Fla. Bar No. 993522
**Tein Malone PLLC**
tein@teinmalone.com
(305) 442-0954
*Attorneys for Bombardier, Inc.*

---

[13] *Aldar Tobacco Group, LLC v. Am. Cigarette Co., Inc.*, 2019 WL 10682051, at *1 (S.D. Fla. June 17, 2009) (Jordan, J.) (concluding that considering external documents is appropriate on a Rule 12(b)(7) motion, observing, "The Eleventh Circuit has never articulated a standard for district courts to follow in analyzing Rule 12(b)(7) motions, but its sister circuits allow for review outside the four corners of the complaint.").